UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| *In re* BLACK DIAMOND MINING COMPANY, LLC, et al. | )<br>)<br>)<br>)<br>) Civil No. 15-96-ART<br>)<br>)<br>) |
| TAFT A. MCKINSTRY, *Trustee of the BD Unsecured Creditors Trust*, and DINSMORE & SHOHL LLP,<br><br>    Appellants,<br><br>v.<br><br>RICHARD HOLMES ENTERPRISES, LLC,<br><br>    Appellee. | )<br>)<br>)<br>)<br>) **MEMORANDUM OPINION**<br>) **AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Telling a group of rubberneckers that "there's nothing to see here" might convince them to move along. But telling a court something so vague will not convince the court to seal its records. Because the public has a right to view those records, a party must give a compelling reason why any specific part of the record should be kept under seal.

Many documents in this case have been sealed. Richard Holmes Enterprises ("RHE") now thinks the Court should unseal them. RHE's opponents, Taft McKinstry and Dinsmore & Shohl, LLP (collectively, "McKinstry"), disagree. The question presented is whether McKinstry has offered a compelling reason to keep any specific document under seal.

I.

This case involves thousands of filings, most of which are available for the ambitious reader to peruse. For the more time-constrained, the Court has previously summarized the facts, and will highlight only the relevant ones here. *See In re Black Diamond Mining Co.*, No. 7:15-cv-96-ART, 2016 WL 3448287, at *1–2 (E.D. Ky. June 16, 2016). When the Black Diamond Mining Company went bankrupt, its assets were placed in a trust administered by an attorney named Taft McKinstry. *Id*. at *1. Some of the trust's largest assets were claims against Alvarez & Marshal North America, LLC, and its officers (collectively, "A&M"). *Id*. McKinstry sued A&M on behalf of the trust. *Id*. The parties eventually settled, McKinstry disbursed funds to Black Diamond's creditors, and the bankruptcy court closed the case. *Id*.

One of the creditors, RHE, then moved to reopen the case. *Id*. at *2. The bankruptcy court was poised to do so, but only on one condition: that RHE repay $500,000 into the trust's escrow account "to ensure that that [t]rust c[ould] honor its obligation[s]" to the trustee and other creditors. *Id*. (internal quotation marks omitted). But RHE never paid, so the bankruptcy court dismissed the case. *Id*. RHE appealed that decision, which this Court upheld. *Id*. at *7.

RHE has since asked the Court to reconsider. R. 104. RHE also asked to file its motion for reconsideration under seal, asserting that the motion "discusses confidential settlement" matters. R. 103. Sealing court documents is an unusual measure, though not so much in this case. Both RHE and McKinstry have repeatedly asked the Court to seal documents containing information about the A&M settlement, since McKinstry and A&M

2

agreed to keep that information confidential. *See* R. 107 at 2–6 (chronicling requests to seal). The Court has granted those requests. But each time, the Court has provided an important caveat: Should a member of the public want to read the sealed documents, the parties would have the burden of showing why he should not. *See, e.g.*, R. 24.

In the same spirit, the Court granted RHE's latest request to seal, but ordered RHE to file a redacted version of its motion for public view. R. 105. Specifically, RHE was to redact only the settlement information that the parties have labeled as confidential throughout the case. *Id*. Before uncapping its black marker, however, RHE apparently had a change of heart. Rather than comply with the Court's order, RHE has now moved to unseal the entire record in this appeal. R. 106. McKinstry, on the other hand, would rather keep the record the way it is—sealed. R. 107.

II.

A.

Now that someone has requested to open the record, as the Court thought someone might, it is finally time to consider whether there is any good reason to keep the record closed. But the time has not come quite yet—McKinstry has raised a jurisdictional argument that the Court must consider first.

McKinstry argues that the Court cannot hear RHE's request because RHE has skipped a procedural step. R. 107 at 7. According to McKinstry, RHE's current motion is really just a latent attempt to appeal past bankruptcy-court orders—specifically, the orders in which that court sealed parts of *its* record. *Id.* And as McKinstry points out, RHE has missed the first step of such an appeal: filing a notice of appeal. *See* Fed. R. Bankr. P. 8003(a)(1).

3

But RHE has not filed a notice of appeal because RHE is not appealing a past order. It is requesting a new one—specifically, an order unsealing the record "in this Appeal." R. 106 at 1–2. In other words, RHE requests an order unsealing the record in *this* Court.

And RHE has followed the steps of that request. A court that has sealed part of a record can always unseal it later. Fed. R. Civ. P. 5.2(d). To break this seal, then, all RHE needed to do was ask. *See, e.g.*, *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987) ("A request to lift or modify an order sealing documents or records is . . . 'left to the sound discretion of the trial court'" (quoting *Krause v. Rhodes*, 671 F.2d 212, 219 (6th Cir. 1982))). And ask it has. True, RHE once thought that some filings were best kept sealed. But no rule prevents RHE from changing its mind or from seeking to open those filings now. The Court therefore may hear RHE's request.

B.

That request appears to have the law on its side. There is a "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, No. 15-1544, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983)). That is because the public has a right to see the evidence that the Court relies on in reaching its decisions. *Id.* at 3. The party seeking to seal court documents—or, here, to keep them sealed—bears the burden of overcoming the strong presumption against doing so. *Id.* And that burden is a heavy one. *Id.* A court will seal its records "[o]nly [for] the most compelling reasons." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

4

Even if a party offers a compelling-enough reason to seal, the seal itself must still be "narrowly tailored" to fit the reason. *Press-Enter. Co. v. Superior Court of Cal., Riverside Cnty.*, 464 U.S. 501, 509–11 (1984). Thus, if a party files a thousand documents, but only a part of one contains confidential information, the Court will seal the part of the one, not all of the thousand. That party therefore must go "document by document," providing the Court with "reasons and legal citations" as to why any given part of the record should stay secret. *Shane*, 2016 WL 3163073, at *3 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)) (internal quotation marked omitted).

Here, McKinstry argues that the parts of the record currently under seal must remain that way because they relate to the A&M settlement. R. 107 at 3. Generally speaking, that argument gives two compelling reasons to seal a document. First, as the Sixth Circuit "has always recognized," the settlement process requires secrecy so that parties can horse trade freely. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003). Thus, settlement amounts can be—and often are—sealed. *See, e.g.*, *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (noting multiple courts that have kept settlement amounts sealed to help "facilitate settlement"); *Osborn v. Griffin*, 50 F. Supp. 3d 772, 786 (E.D. Ky. 2014) (noting a settlement agreement filed under seal). Second, sealing is appropriate to protect the privacy of third parties, like A&M, who are not involved in the litigation and who therefore would not expect to see their finances aired in public. *See, e.g.*, *In re Knoxville News-Sentinel Co.*, 723 F.2d at 477.

The problem, however, is that McKinstry has not shown, "document by document," where in this record those reasons apply. *Shane*, 2016 WL 3163073, at *3 (internal quotation

5

marks omitted). Rather, McKinstry speaks of a general "need to protect confidential information." R. 107 at 10. That claim is too "perfunctory" to satisfy the heavy burden that McKinstry bears. *Shane*, 2016 WL 3163073, at \*4. Against the public's "strong interest" in knowing what goes on in court, McKinstry offers no compelling reason to keep any *specific* part of this record sealed. *Id*. at \*3 (quoting *Brown & Williamson*, 710 F.2d at 1180).

McKinstry responds in a number of ways, none of which make her argument more compelling. First, McKinstry argues that *Shane*—the latest Sixth Circuit opinion to extol the importance of an open court—is distinguishable. R. 107 at 10–11. Quite the opposite. There, the plaintiffs' "entire justification" for sealing certain documents was that those documents "include[d] quotations, information, and references" to materials "designated as confidential" by third parties. *Shane*, 2016 WL 3163073, at \*4. That is the same—and the entire—justification that McKinstry asserts here. And according to *Shane*, that justification can be "rejected out of hand." *Id*.; *see also Baxter*, 297 F.3d at 546. McKinstry nevertheless argues that this case is unlike *Shane* because, here, the sealed information is not "at issue," and thus the public has little interest in seeing it. R. 107 at 11. But *Shane* does not hold that the public is interested in any document "at issue." *Shane* holds that the public is interested in any document filed in court. 2016 WL 3163073, at \*4. That holding controls this case.

Second, McKinstry argues that her reasons for sealing the record are better than perfunctory because she has repeated them so many times before. *See* R. 107 at 11. Indeed, every time McKinstry moved to seal a document, she gave a reason. And so, McKinstry seems to argue, she does not need to give her reasons all over again. Whenever McKinstry (or, for that matter, RHE) moved to seal a document, however, their reasons for doing so

6

were just as general as the one McKinstry gives now. *See, e.g.*, R. 25 at 1 ("[T]he [motion] relates to certain confidential settlement agreements . . . between the [t]rustee and third parties that should not be disclosed to the public."). That is why the Court consistently advised that, if anyone should request to unseal those documents later on, the party seeking to keep them sealed would need to explain "what portions" of those documents, "*if any*," should stay that way. *See, e.g.*, R. 24 at 1 (emphasis added); R. 28 at 1. RHE now makes such a request. And McKinstry has failed to explain what portions of the record—if any—should stay sealed. Thus, McKinstry has not borne her burden.

Third, McKinstry says that "even if the Settlement amount remains sealed," unsealing other "Settlement-related" information "might still be a breach of the A&M Settlement." R. 107 at 8. And so, McKinstry argues, the existing patchwork of seals must remain intact to prevent any of that information from leaking out. But a "confidentiality agreement between the parties does not bind the [C]ourt in any way." *Brown & Williamson*, 710 F.2d at 1180. Agreement or no agreement, the Court must guard the public's rights "as in any other civil case." *Id*. Although McKinstry worries that the settlement-related information in the record might help someone "reverse engineer" the settlement amount, R. 107 at 5, the parties chose to live with that risk when they put such information in the record and discussed it in open court. The existence of a confidentiality agreement is not, by itself, a reason to keep this record sealed, just as it was not in *Shane*. *See* 2016 WL 3163073, at *4.

Fourth, McKinstry argues that RHE has offered no "[l]egitimate [r]eason" to unseal any part of the record. R. 107 at 8. That argument mistakes the burden bearer. A party must convince a court not that the public *should* have access to court records, but rather that the

7

public *should not*. *See Shane*, 2016 WL 3163073, at *3. As explained above, McKinstry has failed to convince the Court, with the requisite particularity, that the public should not enjoy its usual access here.

Fifth, McKinstry argues that RHE uses the footnotes of its current motion to sneak in, Trojan-horse-like, new arguments on the merits of its motion for reconsideration. R. 107 at 11–12. But this Order concerns RHE's arguments for unsealing, not for reconsidering. RHE's arguments as to the former are correct. Its arguments as to the latter are, for the time being, irrelevant.

And finally, McKinstry says that RHE "gives [a] misimpression" about the amount of sealing that has gone on here. R. 107 at 6. According to McKinstry, rather than being "sealed in their entirety," the relevant documents were merely redacted "to safeguard references to confidential information." *Id.* Those documents apparently include "a very small percentage of [the] briefs and other papers in this appeal"—five to ten percent, by McKinstry's count. *Id.* Even if that is true, the public might be just as interested in the five to ten percent that isn't available as in the ninety to ninety-five percent that is. McKinstry does not satisfy its burden by showing that only a small part of the record *is* sealed; rather, it must show why that small part *should be* sealed.

Plus, as far as the Court can tell McKinstry lowballs the number of sealed documents. Whole filings remain under seal, even though most (if not all) of their pages seem to show no trace of the A&M settlement. *See* R. 26; R. 29; R. 35; R. 49; R. 53; R. 55; R. 59; R. 61; R. 66; R. 73; R. 76; R. 80; R. 86; R. 89; R. 91; R. 98. By contrast, only some filings are redacted in the manner McKinstry suggests. *See* R. 32; R. 36; R. 58; R. 74; R. 77; R. 85;

R. 93; R. 97.[1]  If anything, this amount of sealing makes McKinstry's burden heavier, not lighter.  With that many documents unavailable to the public, it is that much more important to make sure that they really should be.

### III.

Seeing no compelling reason to the contrary, the Court will grant RHE's request and order the record unsealed.  The Court recognizes, however, that some filings might mention the amount of the A&M settlement, which, as discussed, may properly remain under seal.  The parties will therefore have one week to notify the Court about any documents that contain the settlement amount.  The Court will order the Clerk to keep those documents under seal.  If any of those documents is longer than two pages, the party who wants to keep it sealed must file a redacted version for the public within two weeks.  In two weeks, the Court will order that the rest of the record be unsealed.

While litigating this dispute, it appears that both McKinstry and Dinsmore & Shohl have neglected to respond to RHE's motion for reconsideration.  R. 104.  Before ruling on that motion, the Court would appreciate hearing from all sides.  The Court will therefore give McKinstry and Dinsmore & Shohl more time to respond, and will order that they do so.  The Court will also give RHE more time to reply.

---

[1] The Court recognizes that McKinstry has been the one to file these redacted versions, and appreciates McKinstry's diligence in making most of those filings available to the public.

Accordingly, it is **ORDERED** as follows:

(1) RHE's motion to unseal the record, R. 106, is **GRANTED**. Consistent with this opinion, the Clerk shall wait for further orders of the Court before unsealing the records discussed herein.

(2) The parties **SHALL NOTIFY** the Court of any document that contains the A&M settlement amount by **Thursday, August 25, 2016**.

(3) The parties **SHALL FILE** redacted versions of any document longer than two pages that contains the A&M settlement amount by **Thursday, September 1, 2016**.

(4) McKinstry and Dinsmore & Shohl **SHALL RESPOND** to RHE's motion for reconsideration, R. 104, by **Thursday, September 1, 2016**. RHE will have until **Thursday, September 8, 2016**, to reply.

This is the 18th day of August, 2016.

Signed By:
*Amul R. Thapar* AT
United States District Judge